IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SAMUEL MUBEA WANYORO,
     Petitioner,

v.                                                                                 Civil No. 3:26cv225(DJN)

JEFF CRAWFORD, *et al.,*
     Respondents.

## MEMORANDUM ORDER
**(Denying Motion for Preliminary Injunction and Temporary Restraining Order)**

The matter comes before the Court on Petitioner Samuel Mubea Wanyoro's

("Petitioner") motion for a temporary restraining order and a preliminary injunction, which is

contained within his "Emergency Petition for Writ of Habeas Corpus." (ECF No. 1 ("Petition").)

For the reasons that follow, the Court DENIES Petitioner's request for emergency injunctive

relief, but takes the remainder of Petitioner's Petition under advisement.[1]

## I.     BACKGROUND

The Court begins by summarizing the facts underlying the Petition.  Petitioner is a citizen

of Kenya who has resided in the United States since 2007.  (Petition at 4; ECF No. 4-1 ¶ 6.)  He

---

[1]     The Court addresses Petitioner's motion for emergency injunctive relief in an expedited fashion, given the nature of Petitioner's request.  However, the Court does not address any other aspect of Petitioner's Petition at this time, including the contested threshold issue of whether this Court possesses subject matter jurisdiction over Petitioner's habeas claims.  *See Mapoy v. Carroll,* 185 F.3d 224, 229 (4th Cir. 1999) (finding no jurisdiction over a habeas petition requesting a stay of removal pending adjudication of a motion to reopen deportation proceedings with the Board of Immigration Appeals); *Ashqar v. Hott,* 2019 WL 2712276, at *4 (E.D. Va. June 5, 2019) (same).

arrived as a B-2 visitor and successfully extended his B-2 visa until December 29, 2008. (ECF No. 4-1 ¶ 8.)

Petitioner subsequently submitted two different requests for relief from removal after the expiration of his visa, which were both denied. First, on July 17, 2008, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, which was dismissed on June 2, 2009. (ECF No. 4-1 ¶¶ 9 –10.) On June 13, 2017, Petitioner's spouse filed a Form I-130, Petition for Alien Relative on Petitioner's behalf, which was denied on April 17, 2019. (*Id.* ¶ 14.)

In the meantime, on August 20, 2014, Petitioner was served with a Notice to Appear, which charged him with removability under 8 U.S.C. § 237(a)(1)(B). (*Id.* ¶ 13). Several years later, on October 9, 2019, Petitioner appeared before the Immigration Court, admitted the allegations contained in the Notice to Appear and conceded his removability. (*Id.* ¶ 15.) Petitioner failed to file another asylum application by the Immigration Court's deadline of September 12, 2019. (*Id.* ¶ 16.) Accordingly, the immigration judge deemed him to have abandoned his asylum application and ordered him removed to Kenya on October 18, 2019. (*Id.* ¶ 17.) Petitioner appealed this decision to the Board of Immigration Appeals ("BIA") on November 8, 2019, and the BIA dismissed his appeal on March 22, 2024. (*Id.* ¶¶ 18, 19.) The BIA's dismissal of his appeal rendered his order of removal administratively final. (*Id.* ¶ 19.) Petitioner alleges that his failure to timely file an asylum application "was materially attributable to the failure of his prior" legal representative to properly advise him as to the approaching deadline. (Petition at 5.)

After his final order of removal became administratively final, Petitioner filed several motions and additional applications for relief from removal. First, Petitioner filed a Form I-360

2

Violence Against Women Act ("VAWA") Self-Petition ("VAWA Petition") on April 9, 2024, which remains pending. (*Id.* at 5.) On or about June 2, 2025 and again on or about November 20, 2025, the United States Citizen and Immigration Service ("USCIS") issued a Notice of Prima Facie Determination that formally acknowledges that Petitioner has provided sufficient evidence for classification as a VAWA self-petitioner under 8 U.S.C. § 1154(a)(1)(A)(iii). (*Id.*)

Next, Petitioner filed a Motion to Reopen Deportation Proceedings and a Motion to Accept Untimely Filing before the BIA, advocating for reopening of his case in part due to his former counsel's erroneous legal advice and the filing of his VAWA Petition. (*Id.* at 5–6.) Both motions remain pending. (*Id.* at 6.)

Finally, Petitioner filed a Form I-246, Application for Stay of Deportation or Removal ("Application for Stay of Removal") on March 20, 2026. (*Id.*) When he appeared to file his Application for Stay of Removal at an Immigration and Customs Enforcement ("ICE") field office in Virginia, he was immediately detained by ICE. (*Id.;* ECF No. 4-1 ¶ 20.) His Application for Stay of Removal remains pending. (Petition at 6.)

Petitioner filed the instant Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on March 27, 2026. (ECF No. 1.) Petitioner requests a temporary restraining order and preliminary injunction halting his removal proceedings, pending adjudication of his I-246 Application for Stay of Deportation of Removal and his pending BIA proceedings. (*Id.* at 16.) Respondents opposed Petitioner's Petition, including his requests for emergency injunctive relief, on April 23, 2026. (ECF No. 4.)

## II.    ANALYSIS

Petitioner moves this Court to issue an immediate temporary restraining order and preliminary injunction enjoining Respondents from removing him from the United States

pending adjudication of his Application for Stay of Removal and final resolution of his BIA proceedings. Given the "fluidity of the relationship between [temporary restraining orders] and preliminary injunctions," and finding that Respondents had a "fair opportunity to oppose" the motion, the Court construes Petitioner's request as a request for a preliminary injunction. *U.S. Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006); *see id.* (district courts may properly consider a motion for a temporary restraining order as a request for a preliminary injunction based on "whether the opposing party had a fair opportunity to oppose it"); *Sci. Sys & Applications, Inc. v. United States,* 2014 WL 3672908, at *3 (D. Md. July 22, 2014) (explaining that, since the substantive standards are identical, "a district court can consider a motion for a [temporary restraining order] as a request for a preliminary injunction, so long as the opposing party was given notice sufficient to allow for a fair opportunity to oppose it.").

A preliminary injunction constitutes an "extraordinary remed[y] involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). Accordingly, a plaintiff seeking a preliminary injunction must establish: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "[E]ach case for injunctive relief must be examined on its own facts." *Brown v. Bimbo Foods Bakeries Distrib., LLC*, 2016 WL 9415418, at *6 (E.D. Va. Sept. 13, 2016), *report and recommendation adopted*, 2016 WL 8674270 (E.D. Va. Nov. 4, 2016). "The failure to show any one of the relevant factors mandates denial of the preliminary injunction." *Parson v. Alcorn*, 157 F. Supp. 3d 479, 491 (E.D. Va. 2016); *see also Brown*, 2016 WL 9415418, at *9 (recommending denial of motion for

preliminary injunction, because plaintiff "failed to satisfy two of the prerequisites to injunctive relief").

To establish the second required element, irreparable harm, "plaintiffs must show that they are 'likely to be irreparably harmed,' not just that they face a mere possibility of harm." *Alston v. Equifax Info. Servs., LLC*, 2014 WL 6388169, at *5 (D. Md. Nov. 13, 2014) (quoting *United States v. South Carolina*, 720 F.3d 518, 533 (4th Cir. 2013)). "[I]rreparable harm must be neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (cleaned up) (citation omitted). Petitioner must establish "a sufficient likelihood that he will again be wronged in a similar way," while "past wrongs do not in themselves amount to that real and immediate threat of injury." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995) (citations omitted).

Here, Petitioner asserts that he faces imminent removal based on his detention by ICE, but fails to substantiate his claims with evidence that he faces an actual and imminent threat of harm. Despite his pending applications for relief from removal, Petitioner alleges that he is at risk of imminent removal, because he believes that ICE "always planned to detain [him] despite his stay application and would not even consider the details of his stay application." (Petition at 6–7.) Petitioner argues that, because ICE intends to remove him "imminently," his requests for relief from removal, including his Application for Stay of Removal and his motions to re-open his BIA proceedings, will be rendered moot upon his removal. (*Id.* at 7.) But Petitioner has not provided any facts substantiating his claims that immediate and irreparable injury will occur in the absence of preliminary relief. Despite Petitioner's generalized allegations that ICE intends to remove him before adjudication of his pending motions and applications for relief from removal

5

is completed, he has not pointed to any specific facts, such as a scheduled removal date or any other specific plan to effectuate his removal, that support these allegations.

Further, Petitioner alleges that his motion to reopen his BIA proceeding depends on his VAWA Petition, which entitles him to a mandatory stay of removal under 8 U.S.C. § 1229a(c)(7)(C)(iv) ("The filing of a motion to reopen [by a VAWA petitioner]. . . shall . . . stay the removal of a qualified alien . . . pending the final disposition of the motion"). Respondents represent to the Court that "Petitioner is currently scheduled for removal *once the stay based on the VAWA Petition is lifted.*" (ECF No. 4-1 ¶ 24 (emphasis added).) Respondents' representation confirms that Petitioner's removal is currently stayed pending the adjudication of at least one of his requests for relief from removal. Petitioner's allegations of imminent, premature removal thus fail to establish an imminent, irreparable injury that warrants injunctive relief. *See Winter,* 555 U.S. at 21 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury") (citation omitted).

In sum, because Petitioner fails to show a sufficient likelihood that he will suffer imminent, irreparable harm absent relief, the Court finds that Petitioner fails to establish all of the elements required for the "extraordinary remedy" of a preliminary injunction. *See Scott v. WFS Fin., Inc.,* 2007 WL 190237, at *9 (E.D. Va. Jan. 18, 2007) (noting that "[a] failure to make a clear showing of irreparable harm . . . is sufficient by itself to justify denial of a preliminary injunction").

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Petitioner fails to establish that he is entitled to the extraordinary remedy of a preliminary injunction.  The Court therefore DENIES Petitioner's motion for preliminary injunctive relief contained within his § 2241 Petition.  The Court takes the remainder of Petitioner's Petition under advisement.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Alexandria, Virginia
Date: May 4, 2026

7